PEOPLE OF PORTO RICO, Plaintiff and Appellee, v. VICTORIO DE LA ROSA, Defendant and Appellant.

No. 3533. Argued March 5, 1929.—Decided July 26, 1929.

E. González Mena, R. Padró Parés, J. de Jesús Tizol, R. Rivera Zayas and Juan B. Soto, for appellant. José E. Figueras, for appellee.

Mr. Justice Wolf delivered the opinion of the court.

Victorio de la Rosa was charged with murder in the second degree and convicted of voluntary manslaughter. On appeal he assigns three errors.

He first sets up that the court erred in not dismissing the information inasmuch as, so he alleged, 79 days elapsed between the arrest and the presentation of the information by the grand jury. The record proper does not disclose the date of the arrest and this failure is a sufficient reason for disregarding the assignment. After the hearing in this case the appellant brought certificates to show the date of his arrest, but the record does not disclose that these papers were submitted to the trial judge when the motion to dismiss was filed or heard. Similarly there is nothing in the record to show what evidence was submitted to the judge, if any, in support of the motion. The appellant does not convince us that his prosecution was in any way unduly delayed or without just cause.

With respect to the motion for a bill of particulars there is a similar failure to spread before us by the record what happened in the court below. The appellant does not convince us that he needed a greater specification than that contained in the information.

The third assignment of error relates exclusively to the weighing of the evidence by the jury. Frequently we have said that it would take an extraordinary case to justify this court in reversing a judgment where there is a conflict in the proof which the jury has resolved. The defendant and his witnesses gave evidence that he had been subjected to threats by the deceased and that advices of these threats had come to his ears through various channels. Yet, at the time of the shooting, as the jury had the right to believe, the deceased was quietly in a shop with his son. The defendant as a witness said that he became afraid, but he evidently did not satisfy the jury that his fear was that of an ordinarily prudent man. No sufficient provocation appeared. The jury,

besides, were not bound to believe all his statements or those of his witnesses.

The judgment appealed from should be affirmed.